BARRETT v. METSKER, Appellant.

### Division Two, November 21, 1898.

Contract to Buy Land: TO BE PERFORMED WITHIN CERTAIN TIME. A contract for the purchase of an interest in lands provided that if the purchase price, interest, taxes, and expenses were not paid out of vendee's proportion of sales made, or otherwise, within three years from the date of the contract, then vendee should forfeit all his interest in the land, and the title should revert to vendor, and thereupon vendee should be released from all obligations of the contract as fully as though the contract had never existed. *Held*, that vendee, not having paid either the purchase price or interest thereon, and three years having elapsed several days after suit thereon, forfeited whatever rights he had obtained under the contract, and hence was exonerated from all obligations thereunder.

*Decided June 28, 1898. Motion for rehearing filed. Motion overruled November 21, 1898.

*Appeal from Pettis Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED.

W. M. WILLIAMS and W. S. SHIRK for appellant.

(1) The plaintiff did not keep and perform the conditions of the contract upon his part, and should not be permitted to recover thereon. There was a mortgage for $30,000 upon the land. It was necessary that this should be discharged, in order that defendant might acquire an unincumbered title to the undivided half interest, which plaintiff contracted to sell him. Defendant, in order to protect himself, provided in the contract that the plaintiff should apply the proceeds of the sale of lots or lands to the payment of the $30,000 mortgage. It was so stipulated in the agreement. The contract required the application of the entire proceeds of such sales to the liquidation of this prior incumbrance. This was necessary for defendant's protection. The plaintiff failed to perform his part of the agreement, and defendant should not be required to pay him for land which plaintiff could not convey free from incumbrance, and which incumbrance the plaintiff did not attempt to discharge in the manner required by his agreement. The plaintiff should show performance of the contract upon which he sues upon his part. Marsh v. Richards, 29 Mo. 489; Davis v. Brown, 67 Mo. 313. (2) There is nothing in this case to extend the defendant's liability beyond the very terms of his agreement. The judgment below should be reversed. Krum v. Mersher, 9 Atl. Rep. 334; Benninger v. Hank, 61 Pa. St. 343.

GEO. P. B. JACKSON for respondent.

(1)    If there were any doubt about the meaning of the contract the parties have construed it by their action under it, and that construction was the same as now claimed by respondent, and as adopted by the court below.    St. Louis Gas Light Co. v. St. Louis, 46 Mo. 121; Mathews v. Danahy, 26 Mo. App. 660; Jones v. Delassus, 84 Mo. 541; Belch v. Miller, 32 Mo. App. 387; Sedalia Brewing Co. v. Water Works Co., 34 Mo. App. 49; Patterson v. Camden, 25 Mo. 13; Deutmann v. Kilpatrick, 46 Mo. App. 624; Moser v. Lower, 48 Mo. App. 85; Ridge v. Transfer Co., 56 Mo. App. 133.    (2)    On the fourth day of each of these months there accrued a certain amount of interest then due and payable. There was then a fixed obligation on the part of the defendant to pay that sum, from which he could not absolve himself except by paying it.    If there had been no more in the contract, no question could have been raised concerning it.    As one means of raising money with which to pay, it was provided that lots should be sold; but if money was not raised in that way the defendant still remained bound because it was farther agreed that if money was not realized from sales of lots to pay defendant's interest when it became due, then he was to pay it and his part of the taxes "outside of this contract."    The defendant was therefore bound to make payments of interest outside of the amounts that might be realized from sales of lots.    (3)    It was not the meaning of the contract that proceeds of sales were to be held as a fund to discharge interest as it might accrue, because it was provided that the proceeds of sales, including notes, contracts and mortgages, were to be retained by Barrett and one half of the same were to be credited as cash by him, at the time the sales were made on the $32,500, owing by Metsker.    That was a consumption of the entire

proceeds at the time, in discharge of accrued interest and in reduction of interest-bearing principal. (4) The three years had not expired when this suit was brought. The case was to be tried and the rights of the parties adjudicated on the status at the commencement of the suit. At that time there was no forfeiture by the plaintiff—nor has there ever been for that matter—neither was there any release of defendant. He couldn't release himself from one obligation by defaulting on another. (5) In any event the meaning of the contract was that if Barrett should avail himself of the forfeiture as security for the purchase money, it would only release Metsker from future obligations. They are not involved in this case.

SHERWOOD, J.—Action on contract made on the twenty-sixth of March, 1890, between J. R. Barrett and David C. Metsker. Action brought March 24, 1893. Judgment for plaintiff on February 8, 1895, for $2,991.28.

Barrett was the owner of a tract of land in the suburbs of the city of Sedalia. Becoming desirous of bringing it into market, he, as party of the first part, entered into the contract aforesaid with defendant Metsker as party of the second part; said defendant to construct an electric railway at defendant's own expense to said lands. In consideration of the defendant's agreement to build said railway to said land, and to maintain and operate it, the plaintiff contracted to sell him a half interest in said real estate for the sum of $32,500 which was to bear six per cent interest per annum, payable semiannually on the fourth of August and fourth of February of each year. The purchase money was to be paid, so the contract provides, in the following manner: "The north forty to forty-five acres of land in section four to be platted into lots and blocks and sold to the best advantage and at prices agreed upon by both parties, the proceeds, including all notes, mortgages, deeds of trust and con-

tracts of such sale, after paying expenses of sale, interest and taxes, to be retained by the party of the first part at par value, the amount of one half of sale to be credited as cash by the party of the first part at the time the sales are made on the $32,500, owing by the party of the second part."

Among other stipulations of the contract were the following:

"It is further agreed that if there is not enough of lots sold or money received when the party of the second part's interest becomes due to pay the same, the party of the second part is to pay his interest on his purchase money, and his part of the taxes outside of the contract."

"It is further agreed by both parties, if the $32,500 and interest, taxes and expenses are not paid out of the party of the second part's proportion of the sales as aforesaid, or otherwise, to the party of the first part, within three years from this date, then the party of the second part forfeits all interest in the above described land and title reverts to the party of the first part, and thereupon in such case the party of the second part is released from all obligations of this contract, as fully and completely as though the same never existed."

The defendant in accordance with his contract built the electric railway at his own expense, and maintained the same as required by the agreement. The land was platted and laid off into lots and blocks. On the eighth of August, 1891, lots had been sold amounting to $4,073.50, according to plaintiff's statement, after paying all expenses of sale, and afterwards on the thirteenth of February, 1894, three other lots were sold for one half of net proceeds, amounting to $187.50. The defendant did not pay out of his own means the interest that became due February 1, 1892, August 1, 1892, and February 1, 1893, claiming that he was not liable therefor under his contract and that the contract had not been complied with upon plaintiff's part, in that he had not

applied the proceeds of the sale of lots to the payment of said mortgage as stipulated in contract.

Under the last paragraph quoted from the contract in question, it is quite plain that Metsker not having paid either the principal sum of $32,500, nor the interest thereon, and the three years specified having elapsed two or three days after suit brought, it must follow that he forfeited whatever rights he had obtained under the contract, and was at the same time and for the same reason, exonerated from all obligation thereunder. The words of the paragraph mentioned mean this or they mean nothing. Suppose for instance, that defendant had been actor and sued on the contract after the lapse of the three years, and he being in default, can it be doubted that Barrett could successfully plead the paragraph under discussion in bar of the action; plead that by reason of his default, Metsker had forfeited all his interest in the contract, and all his rights thereunder "as fully and completely as though the same never existed?" But one answer, an affirmative, can be returned to this question.

The same default and lapse of time which would bar defendant's recovery if plaintiff, must also bar plaintiff's recovery in the present suit. Therefore judgment reversed. All concur.